IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO. 1:22-cr-0231 |
| v. | ) JUDGE DAN AARON POLSTER |
| SOLOMON ODUBAJO, | ) OPINION AND ORDER |
| Defendant. | ) |

On May 17, 2022, Defendant Solomon Odubajo filed an appeal to his order of detention (ECF Doc. 13) and moved to set bond. ECF Doc. 15. The Government filed an opposition on May 24, 2022. ECF Doc. 19. Because the Government has shown there is little assurance Odubajo will appear for future proceedings and because he presents a significant danger to the community, Magistrate Judge Baughman's detention order is **AFFIRMED**, and Odubajo's motion to set bond is **DENIED**.

**I.  BACKGROUND**

On May 11, 2022, Odubajo was charged with one count of Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl, one count of Interstate Travel in Aid of Racketeering, and one count of Attempted Possession with Intent to Distribute Fentanyl. ECF Doc. 1. Following his initial appearance, Odubajo moved for pretrial release (ECF Doc. 6), and Magistrate Judge Baughman conducted a detention hearing.

Magistrate Judge Baughman issued an order of detention on May 16, 2022. ECF Doc. 13. He initially concluded Odubajo's alleged offenses triggered the presumption of detention, but that Odubajo had sufficiently rebutted the presumption. ECF Doc. 13 at 2. However, Magistrate Judge Baughman further determined that pre-trial detention was warranted because

1

the 18 U.S.C. § 3142(g) factors weighed in favor detention. ECF Doc. 13 at 2. Odubajo now appeals Magistrate Judge Baughman's detention order. ECF Doc. 15.

## II.   LAW & ANAYLSIS

A district court reviews a Magistrate Judge's detention order *de novo*. 18 U.S.C. § 3145; *see also United States v. Mason*, 20-cr-287, 2020 WL 5096306, at *3-4 (N.D. Ohio Aug. 28, 2020) (explaining that a criminal defendant may seek *de novo* review of a magistrate judge's detention order by the district court with original jurisdiction over the action); *accord United States v. Gonzales*, 149 F.3d 1192 (10th Cir. 1998) (affirming a district court's *de novo* review).

In conducting this review, the district court must first determine whether the defendant's charges trigger the presumption in favor of detention. 18 U.S.C. § 3142(e)(3). If the presumption is triggered, the district court must next consider whether the defendant has met the light burden of production by presenting sufficient evidence to rebut the presumption. *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010) ("Although a defendant's burden of production is not heavy, he must introduce at least some evidence." (internal quotation marks omitted)).

If the presumption is rebutted, the district must next decide whether the Government has shown that, if the defendant is released pre-trial, no condition or combination of conditions will reasonably assure either the defendant's appearance as required or the safety of any other person and the community. 18 U.S.C. § 3142(e). To make this decision, the following statutory factors must be weighed: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristic, including his character, family ties, community ties, employment, past record of failure to appear, and probationary status at the time of the offense; and (4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g). The Government carries the burden of

proof, which requires flight risk be shown by a preponderance of the evidence and danger to the community be shown by clear and convincing evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).

Following *de novo* review, the Court concludes that Magistrate Judge Baughman correctly ordered pre-trial detention for Odubajo. A presumption of detention arose because Odubajo's charges carry a maximum term of imprisonment of 10 years or more as prescribed in the Controlled Substances Act. ECF Doc. 13 at 2; *see also Stone*, 608 F.3d at 946-47 ("Thus, the indictment [] satisfies the government's preliminary burden to show probable cause [] and to establish the presumption of detention."). And the Court agrees Odubajo met the light burden of rebutting the presumption by providing evidence of family ties in the community and a local residence. ECF Doc. 15 at 4-5.

However, the Court also agrees with Magistrate Judge Baughman that the Government carried its burden of showing Odubajo is both a flight risk and a danger to the community. Application of the Section 3142(g) factors confirms this determination.

First, the nature and circumstances of Odubajo's offenses weigh in favor of pre-trial detention. Odubajo allegedly mailed a parcel containing over a kilogram of fentanyl pills to Cleveland and traveled here to retrieve them. Then, he attempted to evade police by driving more than 100 mph on I-90. Investigators found more drugs and cash in the residence where he was staying and in the car he was driving. Additionally, Odubajo faces a potential life sentence upon conviction, which increases his likelihood to flee. *See United States v. Bothra,* No. 19-1092, 2019 U.S. App. LEXIS 9375 (6th Cir. Mar. 28, 2019) (considering the length of the possible sentence relative to the risk of flight).

Second, the weight of the evidence supports detention. This factor relates to Odubajo's

3

risk of flight, not to the weight of the evidence of his guilt. *Stone*, 608 F.3d at 948. The detention hearing evidence shows Odubajo was involved in a multi-state fentanyl trafficking conspiracy. "[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." *Id.* Here, the drug involved is extremely dangerous. And the Sixth Circuit "routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *Stone*, 608 F.3d at 947 n.6 (collecting cases).

Third, Odubajo's history and characteristics weigh in favor of pre-trial detention. When Odubajo was arrested, there were also possession charges pending against him in Atlanta, Georgia. ECF Doc. 19-4. The police report states that Odubajo also attempted to flee from officers in Atlanta. *Id.* Odubajo also has other prior convictions in Nevada in 2021, 2011 and 2007. And he admits that he is not currently employed in the area. Accordingly, his history and characteristics weigh in favor of pre-trial detention.

Finally, Odubajo's release would endanger the community. He was involved in an interstate drug conspiracy and possessed more than a kilogram of fentanyl, an extremely dangerous drug. He drove at speeds over 100 mph to evade police, and a handgun was discovered in his vehicle. There is also evidence showing he fled from police in Atlanta shortly before he was arrested in Cleveland. These facts suggest that Odubajo is likely to flee and to disregard others' safety when he does.

Odubajo points to some mitigating factors such as his ability to lease housing and the potential to seek employment in the area. He also cites a previous act of bravery when he and his wife were threatened by a gunman. On balance, however, Odubajo's arguments are insufficient

to overcome the 18 U.S.C. § 3142(g) factors weighing against release. As Magistrate Judge Baughman articulated,

> I am particularly concerned about the risk of flight here. Odubajo's main residence is in Arizona, yet the nature of this crime as alleged suggests that Odubajo traveled to Ohio to commit a federal crime. And while doing so, he tried to elude the police apparently not only by driving up and down random streets but by driving over 100 mph (at least 30 mph over the speed limit) on a heavily-used highway during business hours two days before two major religious holidays when one might assume relatively heavy traffic volume. * * * Odubajo provides me with no information that gives me reason to trust that he'll comply any more with release conditions I might order.

ECF Doc. 13 at 3.

In summary, I agree with Magistrate Judge Baughman that the Section 3142(g) factors weigh in favor of pre-trial detention. The Government has carried its burden of showing Odubajo poses a serious risk of flight and a danger to the community warranting pre-trial detention in this case.

### III. CONCLUSION

Because the Court concludes there are no conditions or combination of conditions that can reasonably ensure Odubajo will return as required and because he poses a danger to the community, Magistrate Baughman's detention order (ECF Doc. 13) is **AFFIRMED**, and Odubajo's motion for pre-trial release with bond (ECF Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 25, 2022

*s/Dan Aaron Polster*
United States District Judge