IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 22-cr-231 |
| Plaintiff, | ) |
| | ) Judge Dan Aaron Polster |
| v. | ) |
| | ) **OPINION & ORDER** |
| SOLOMON ODUBAJO, | ) |
| | ) |
| Defendant. | ) |

Before the Court is defendant Solomon Odubajo's Motion for Production of Grand Jury Transcripts (the "Motion"). ECF Doc. 63. Specifically, defendant requests the grand jury testimony of Postal Inspector Twombly, who is expected to be the primary government witness at trial. Defendant contends that he needs access to the transcript of Twombly's testimony to prepare an effective cross-examination and asserts that providing this transcript will promote judicial economy by allowing for advanced trial preparations. These arguments do not meet the heavy burden required to overcome the presumed secrecy of grand jury proceedings. Therefore, defendant's Motion is DENIED.

As the Court has previously articulated, grand jury proceedings are presumptively secret, and a criminal defendant has no absolute right to information presented to the grand jury. Fed. R. Crim. P Rule 6(e); *United States v. Keys*, 991 F.2d 797 (Table), at *2 (6th Cir. 1993). A criminal defendant can obtain grand jury transcripts only after showing: (1) the disclosure is sought preliminarily to or in connection with a judicial proceeding; and (2) a compelling need for disclosure exists. *In re Grand Jury 89-4-72*, 932 F.2d 481, 483 (6th Cir. 1991). "There is a strong policy in favor of maintaining the secrecy of grand jury proceedings." *United States v. Azad,* 809 F.2d 291, 294 (6th Cir. 1986). Accordingly, disclosure is proper only upon a showing of compelling necessity or particularized need. *Id.* at 295. This requisite showing presents a

"difficult burden" defendants must carry when seeking grand jury transcripts. *Id.*

As the government correctly observes, general trial preparation is not a particularized need that overcomes the presumed secrecy of grand jury proceedings. *Id.* at 294. If grand jury testimony were turned over simply to aid in preparing witness examinations as defendant requests, then transcripts would be discoverable in every case because cross-examination occurs in virtually every criminal trial. Defendant's request is by definition a general one because it applies to almost all cases, which is the antithesis of the fact-specific, "particularized need" required by the Sixth Circuit for production of grand jury transcripts. *Id.* at 295.

Furthermore, defendant's request for Postal Inspector Twombly's grand jury testimony is moot. In its response, the Government stated that it previously provided the defendant the transcript of Inspector Twombley's May 10, 2022 grand jury testimony, as Jencks Act material, prior to the September 20, 2022 suppression hearing. Defendant did not address this matter or file a reply brief, which was due on February 9, 2023. Additionally, defendant had two previous opportunities to cross-examine Inspector Twombly in this case: at his detention/preliminary hearing and at the suppression hearing. This further obviates any purported need for the transcripts to prepare for Twombly's cross-examination at trial.

Accordingly, Odubajo's Motion for Production of Grand Jury Transcripts (ECF Doc. 63) is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster, February 10, 2023*
**Dan Aaron Polster**
**United States District Judge**