# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.    1:22-CR-0231-1** |
| | ) | |
| | ) | |
| **Plaintiff-Respondent,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SOLOMON ODUBAJO,** | ) | <u>**OPINION & ORDER**</u> |
| | ) | |
| **Defendant-Petitioner.** | ) | |
| | ) | |

On November 10, 2025, Defendant-Petitioner Solomon Odubajo filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. ECF 157. The Government filed a response in opposition on December 12, 2025. ECF 158. Odubajo's reply in support of his motion was filed on January 2, 2026. ECF 160. As discussed herein, because the filings and record show that Odubajo is not entitled to § 2255 relief on any of the four grounds he raises, his motion is **DENIED**.

## I.  BACKGROUND

On April 6, 2022, Task Force Officer Michael Twombly of the U.S. Postal Inspection Service ("USPIS") applied for and obtained a search warrant for a USPS parcel that had been mailed from Arizona to an address on Granger Road in Garfield Heights, Ohio. The search warrant was granted the same day, and inside the parcel TFO Twombly found a little over one kilogram of fentanyl pills concealed inside a wet/dry vacuum cleaner. ECF 1-1, ¶ 9 (TFO Twombly's affidavit supporting the criminal complaint). A review of video surveillance footage from the Arizona post office showed Odubajo as the individual mailing the parcel. *Id.*, ¶ 27.

Odubajo later traveled to Ohio and, on April 14, 2022, drove his co-defendant, Laysalle Scales, Jr., to the post office to retrieve the parcel. *Id.*, ¶ 31. Then, he attempted to evade police by driving more than 100 mph on I-90. *Id.*, ¶¶ 33-34. After Odubajo and Scales were arrested, law enforcement officers searched Odubajo's vehicle. There, they found a loaded handgun and $17,500 in cash. A later search of a residence where Odubajo was staying uncovered additional fentanyl pills and cash.

A criminal complaint was filed against Odubajo the same day he was arrest—April 14, 2022. *See* ECF 1. An indictment was later filed on May 11, 2022, ECF 1,[1] with superseding indictments coming on November 30, 2022, ECF 59, and March 23, 2023, ECF 89. Following a jury trial in 2023, Odubajo was convicted of multiple drug trafficking and firearm counts. ECF 117. This Court sentenced him to 248 months of imprisonment. ECF 144. Odubajo appealed his conviction and sentence, which the Sixth Circuit affirmed. ECF 152. The Supreme Court denied his petitioner for certiorari. ECF 154.

## II. LEGAL STANDARD

In accordance with 28 U.S.C. § 2255(a), a prisoner in custody may move the sentencing court to vacate the sentence on the grounds that it was "imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." In order to obtain relief under § 2255, a prisoner must demonstrate a constitutional error, a sentence that exceeds statutory limits, or an error of fact or law "so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual

---

[1] Odubajo's initial indictment was inadvertently indicated as ECF 1, when it should have been ECF 11. However, to avoid any confusion, the Court uses the ECF document number actually associated with the filing.

prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). However, an ineffective assistance of counsel claim is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, regardless of whether the petitioner could have raised the claim on direct appeal. *Id.*

To establish ineffective assistance of counsel, a petitioner is required to demonstrate: 1) that counsel's performance was so deficient that counsel did not actually perform as counsel; and 2) that his defense was so prejudiced by counsel's conduct that it is reasonably probable that the outcome of the case would have been different but for the ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (quotation omitted). Conclusory allegations that fail to articulate counsel's deficiencies or how they prejudiced the case are insufficient to sustain a claim of ineffective assistance of counsel on a § 2255 motion. *Ushery v. United States*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4 (6th Cir. July 14, 2020). The focus is on the adequacy of counsel's actual performance, not hindsight potential for improvement. *Coe v. Bell*, 161 F.3d 320, 342 (6th Cir. 1998). The Court must give deference to an attorney's subjective strategic decisions, unless such a decision is so clearly unreasonable that no competent lawyer would have done the same. *See Strickland*, 466 U.S. at 690-91; *see also Wiggins v. Smith*, 539 U.S. 510, 521-22 (2003); *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

The right to effective assistance of counsel also applies on direct appeal. But appellate counsel is only expected to raise the arguments most likely to succeed. *Davila v. Davis*, 582 U.S. 521 (2017). Indeed, the process of "winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986). Thus, "[c]ounsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal." *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011). And even where a defendant can show a reasonable possibility that they would have prevailed on an unraised appellate claim, "the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel." *Id.*

## III. ANALYSIS

### A. Signature

As a preliminary matter, the United States argues that Odubajo's motion must be dismissed due a procedural deficiency with the signature. Under the Federal Rules Governing Section 2255 Proceedings, "[t]he motion must . . . (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." Rule 2(b)(5). Likewise, by statute, a petition for habeas relief must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The standard for filling under the "acting on his behalf" or "next friend" provision is high; as the Sixth Circuit has explained,

> In order to act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64, (1990); *see also West*

> *v. Bell*, 242 F.3d 338, 341 (6th Cir.2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir.1998). The putative next friend must clearly establish "the propriety of his status" in order to "justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164. Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163.

*Tate v. United States*, 72 F. App'x 265, 266 (6th Cir. 2003). "The burden is on the next friend clearly to establish the propriety of [their] status and thereby justify the jurisdiction of the court." *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998).

Here, the 2255 motion was not signed by Odubajo or anyone listed as his attorney of record. Rather, it was signed by "Alana Guzman," who states that she is Odubajo's daughter. Odubajo's pre-sentence report confirms that Alana Guzman is his adult daughter, though there is no record of her as a licensed attorney in the state of Ohio. ECF 125. According to Guzman, Odubajo "is not signing because he cannot, he is in prison in a different state and I am dropping off papers to be filed on his docket." ECF 157. While it is true that Odubajo is incarcerated in a different state, the Government argues that this is not such an obstacle as to reach the level of "inaccessibility" under the statute. Indeed, Odubajo has made *pro se* filings before in this case. *See, e.g.*, ECF 41 (interlocutory *pro se* appeal while pending trial). Further, since inmates only get one opportunity to litigate a post-conviction motion, such as a 2255 motion, before facing more stringent filing conditions for subsequent motions, it is important to confirm that Guzman is, indeed, asking on Odubajo's behalf.

However, Odubajo confirmed in his reply in support that he authorized the filing and ratified that motion. ECF 160. Accordingly, the Court need not address this procedural issue as it is moot.

**B.  Merits**

On November 10, 2025, Odubajo filed the instant 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. ECF 157. In his motion, Odubajo cites four grounds for relief: (1) ineffective assistance of counsel during the pretrial phase; (2) ineffective assistance of counsel during trial; (3) "Denial of Due Process & 6th Amendment Rights by the District"; and (4) ineffective assistance of counsel on appeal. There is much overlap between these grounds, however, as many of the issues raised by Odubajo spanned multiple stages of the proceeding. Accordingly, the Court finds it more efficient to address Odubajo's claims by issue, rather than by stage of proceeding.

Odubajo first argues that his counsel was allegedly ineffective for not seeking suppression of the parcel warrant "based on the warrant's lack of specific time as set forth in Fed. R. Crim. P. 41(e)(2)(A)(i)." Criminal Rule 41 requires that a search warrant "command the officer to . . . execute the warrant within a specified time no longer than 14 days[.]" Fed. R. Crim. Pro. 41(e)(2)(A)(i)." Odubajo cites to *United States v. Bailey*, 628 F.2d 938, 945-46 (6th Cir. 1980) in support of his position, but his reliance is misplaced. The *Bailey* court found that the absence of a specified time limit on the warrant made the warrant ineffectual "[b]ecause the warrant permitted surveillance of the movements of defendants for an indefinite period of time[.]" *Id.* at 945. Conversely, the warrant in this case involved no ongoing surveillance or monitoring of otherwise private conduct; rather, it concerned the one-time opening and search of a package.

The Court agrees with the Government that this omission is ministerial in nature, especially given that the warrant was executed the same day it was issued. *Cf. United States v. Searp*, 586 F.2d 1117, 1125 (6th Cir. 1978) ("(V)iolations of Rule 41 alone should not lead to exclusion unless (1) there was "prejudice" in the sense that the search might not have occurred or would not have

been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule." (quoting *United States v. Burke*, 517 F.2d 377, 386-87 (2d Cir. 1975)). Odubajo has put forth no evidence how the failure to include a date in the "execute by" box might have prejudiced him, nor has he shown any evidence that law enforcement were acting in bad faith through that omission. A lawyer is not required to make frivolous arguments merely because his client requests that he do so. Without any possible basis for a potential suppression remedy, this claim fails the *Strickland* test.

Odubajo also claims that his counsel was ineffective at the pretrial stage because counsel "failed to seek recusal of Judge." ECF 157 at 5. According to Odubajo, this Court demonstrated a bias and "predisposition to deny a claim that was not presented to Court" regarding the timing of the execution of a search warrant at a home. *Id.* The standard for judicial recusal under 28 U.S.C. § 455 is whether, under the circumstances of the case, a reasonable, objective person knowing all the circumstances would have questioned the Court's impartiality. *See Easley v. Univ. of Michigan Bd. of Regents*, 906 F.2d 1143, 1146 (6th Cir. 1990). Though Odubajo accurately quotes from the July 14, 2022, transcript in his motion and reply, he pulls these quotes out of the greater context of the proceeding. Placing these quotes in their proper context, as required when evaluating potential recusal under § 455, it becomes clear that these comments are not evidence of bias or partiality, but rather an advisement by the Court that, if the Government was able to support its description of the search with evidence at a suppression hearing, Odubajo would likely lose that suppression claim.[2] And "[a] judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Liteky*

---

[2] Indeed, the Government's evidence at the suppression hearing supported its description of exigent circumstances that led law enforcement officers to enter the house before the magistrate issued the search warrant. This Court denied the motion to suppress on that ground, and the Sixth Circuit affirmed the exigent circumstances ruling. *United States v. Odubajo*, No. 23-3654, 2024 WL 4368079, at *4 (6th Cir. June 12, 2024), *cert. denied.* 145 S.Ct. 559 (Mem).

*v. United States*, 510 U.S. 540, 556 (1994); *see also id.* at 555-56 ("*Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. (emphasis in original)). This claim also fails the *Strickland* test.

The next claim is based on counsel's failure to object to or move for dismissal of Count 5, possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A). Odubajo argues that his counsel was ineffective because he "failed to challenge the sufficiency of the evidence supporting the 924(c) firearm charge" since "[t]rial testimony established that the firearm was located in an inaccessible trunk, unrelated to any drug-trafficking conduct." ECF 157-1 at 5. This ground fails on its face, as Count 5 was the subject of Odubajo's mid-trial Rule 29 motion for a judgment of acquittal. *See* ECF 145, Trial Tr. 160:22–161:4. By definition, a Rule 29 motion challenges the sufficiency of the evidence, as the motion is arguing that the Government has failed to meet their burden of production such that a reasonable juror could find the defendant guilty beyond a reasonable doubt. In his reply, Odubajo claims that the issue is that "trial counsel failed to advance a targeted Rule 29 argument" on the "in furtherance of" element of Count 5, as well as "failed to request a limiting instruction distinguishing mere possession from facilitative use." ECF 160 at 4. It is these two failures, he argues, "foreclosed meaningful appellate review." *Id.* Yet how "targeted" or detailed an argument is has no bearing on whether or not the issue is preserved for appeal. What matters "[t]o properly preserve a sufficiency of the evidence issue for appeal, [is that] defense must make a motion for a judgment of acquittal at the end of the prosecution's case-in-chief and at the close of evidence." *United States v. Sease*, 659 F.3d 519, 522 (6th Cir. 2011) (quotation omitted). If the defense declines to present any evidence, then these points are one and the same, and there is no "renewal" of the motion to be made. *See United States*

*v. Common*, 563 F.App'x 429, 432 (6th Cir. 2014) (noting that the rationale of the waiver rule "was that the presentation of a defense served as a withdrawal of the acquittal motion," so renewal is not necessary if the defendant offers no evidence and thus does not withdraw his original acquittal motion). The trial transcript makes plain that trial counsel did exactly this; accordingly, trial counsel was not ineffective.

Odubajo also claims that his appellate counsel was ineffective when he failed to raise the sufficiency issue on direct appeal. But Odubajo fails to provide any explanation for how "inclusion of the issue would have changed the result of the appeal," let alone an explanation establishing a reasonable probability of success. *Henness*, 644 F.3d at 317. Thus, this claim must also fail.

Odubajo next claims that his counsel was ineffective for not raising a vindictive prosecution claim about the superseding indictment that added counts related to his possession of the firearm in his vehicle. In doing so, he relies on the Government's assertion at the November 8, 2022, pretrial hearing that "[i]f the defendant does not accept the plea agreement, the Government will pursue a superseding indictment that includes the Section 924(c) firearm charge." ECF 157-1 at 6 (citing ECF 69, Tr. 3-5). He also claims that the Government added these later firearm charges (Counts . However, the justification is in the same pretrial hearing transcript that Odubajo relies on. Just a few moments after what Odubajo identifies as the key quote, the Government explains that "[w]e didn't initially charge the gun but we did later obtain some DNA evidence on it," which would serve as the basis for the new felon in possession charges. ECF 69, Tr. 4:3-11. This exact kind of scenario is precisely what superseding indictments are meant for. *Cf. United States v. Suarez*, 263 F.3d 468, 480 (6th Cir. 2001) ("If the prosecution can show that the additional charges were not brought earlier because they were based on new evidence, it will successfully rebut a showing of vindictiveness."). Even if the Government had the DNA evidence available at the time

it first sought the indictment, "holding some charges in abeyance as an inducement during plea bargaining . . . is a permissible form of plea bargaining, if the additional charges are supported by probable cause." *Id.* And since Odubajo makes no argument that any of the charges were not supported by probable cause, this claim, too, must fail.

Odubajo's next claim is that "[d]uring cross-examination Agent Twombly admitted that the parcel was opened before the magistrate judge signed the search warrant, yet counsel failed to exploit this testimony or argue any exception to the warrant requirement." ECF 157-1 at 8. This claim is plainly bellied by the record, which shows that Odubajo's counsel made this exact argument at the suppression hearing. *See* ECF 66, Tr. 86:4-87:4; *see also* ECF 30 at 6-7 (Odubajo's motion to suppress the parcel). The same issue was raised again on direct appeal, where the Sixth Circuit affirmed this Court's ruling that the warrant issued when the magistrate judge told the officer by phone, "I approve the warrant," even if the document itself had not yet been docketed by the magistrate judge's deputy. *See Odubajo*, No, 23-3654, 2024 WL 4368079, at *2. Since this issue was clearly fully litigated, it cannot be an instance of ineffective assistance of counsel.

Next, Odubajo claims that he was denied his right to self-representation when, after asking at the October 25, 2022, pretrial hearing if he could "go pro se," this Court "discouraged [him] from representing himself."[3] ECF 157-1 at 11. A defendant has a constitutional right to "proceed without counsel when [they] voluntarily and intelligently elect[] to do so." *Faretta v. California*, 422 U.S. 806, 807 (1975). But "[a]s the *Faretta* opinion recognized, the right to self-representation is not absolute." *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015). A defendant's waiver of the right to counsel must be made "in a timely manner" and be "knowingly and voluntarily." *Id.*

---

[3] Though Odubajo's motion says it was at the November 8, 2022, pretrial hearing, the quote referenced actually comes from the October 25, 2022, pretrial hearing. In order to avoid any confusion the Court will use the correct date for the quote.

Accordingly, before granting a defendant's request to proceed *pro se*, a district court should engage in a *Faretta* colloquy with the defendant. *See United States v. Cromer*, 389 F.3d 662, 680 (6th Cir. 2004). But the Sixth Circuit has clarified that "*Faretta* procedures are only required when a defendant has <u>clearly</u> and <u>unequivocally</u> asserted his right to proceed pro se[.]" *Id.* at 682 (emphasis added). Further, "[a]lthough the Supreme Court has required such an inquiry before granting a self-representation request— which is, in effect, a waiver of the right to counsel—it has not required a court to inquire before denying a request as untimely." *Id.* at 678 (emphasis in original). Thus, "[h]abeas relief is not warranted on the ground that the trial court failed to conduct an inquiry." *Id.*

In support of his claim, Odubajo cites to *Moore v. Haviland*, 531 F.3d 393, 302-03 (6th Cir. 2008), arguing that "a court's failure to rule on an unequivocal Faretta request—particularly where the court actively discourages the right—violates" his rights. ECF 160 at 6. However, *Moore* is readily distinguishable. In *Moore*, the defendant made clear his desire to proceed *pro se* both orally and in writing, yet the trial judge declined to read the letter in a timely manner and "ultimately did not rule on those requests [and] let the issue go by default instead." *Moore*, 531 F.3d at 403. By contrast here, Odubajo did not "clearly and unequivocally assert[] his right to proceed *pro se*." *Cromer*, 389 F.3d 682. Odubajo raised the question of waiver during a tense back-and-forth with the Court during a broader discussion about wanting to get a new lawyer. *Compare* ECF 77, Tr. 30:14 (when Odubajo asks "[c]an I just go *pro se*?"), *with id.*, Tr. 4:1-31:13 (providing the broader context for Odubajo's one question); *see also id.*, Tr. 7:14-15 (Defendant: "Because I've written the courts asking for [counsel] to be removed from my case."), 8:14-15 (Defendant: "I don't want [counsel] on my case."); 18:10-21:11 (repeatedly asking for his counsel to be removed and to get a new lawyer). Further, the Court made a clear ruling denying Odubajo's oral

motion to remove his current counsel. *See* ECF 77, Tr. 27:12-16 (explicitly denying the motion after plainly confirming that Odubajo did intend to make the motion to remove his counsel).

The Court is not required to conduct a *Faretta* inquiry until the defendant makes a clear and unequivocal request to waive his right to counsel. Rather than rely on anything said during a heated back-and-forth where the participants were repeatedly speaking over each other, this Court postponed any determination regarding waiver until Odubajo had had sufficient time to properly understand the weight of such a waiver. Indeed, the two weeks between the October 25, 2022, pretrial hearing (where Odubajo first raised the question of proceeding *pro se*) and the November 8, 2022, pretrial hearing (where Odubajo confirmed that he would not proceed *pro se* and would continue to be represented by counsel) allowed for the Odubajo to have the opportunity to reflect on his request and ensure that he did, in fact, wish to proceed *pro se*. Once Odubajo confirmed that he intended to move forward with counsel and he did not intend to waive his right to counsel, the Court had no obligation to conduct a *Faretta* inquiry.

To the extent that Odubajo claims it was ineffective assistance of counsel on appeal for appellate counsel to not raise his "denial of self-representation" claim on direct appeal, that claim fails the *Strickland* test. As noted, it is the responsibility of the appellate lawyer to determine which arguments are most likely to succeed and to refrain from making frivolous arguments. Odubajo has not demonstrated that this decision was objectively unreasonable, nor has he shown that the outcome of his appeal would have been any different had the issue been raised.

Finally, Odubajo claims that his counsel failed to litigate a suppression issue about TFO Twombly's drug dog Ciga allegedly "not [being] trained to detect fentanyl[.]" ECF 160 at 7. However, Odubajo's suppression motion specifically makes this argument, and it was also raised on cross-examination of TFO Twombly during the suppression hearing. There is no basis for an

ineffective assistance of counsel claim on this issue. To the extent Odubajo intends this claim to also apply to his appellate counsel, it also fails. As before, Odubajo has not demonstrated how his appellate counsel's decision not to raise this issue was objectively unreasonable, nor has he shown that there is a reasonable possibility that his appeal would have gone differently had the issue been raised.

## IV. CONCLUSION

For the reasons discussed above, Odubajo has failed to show that he is entitled to relief under § 2255 on any of his claims. Thus, his motion in its entirety is DENIED.


**IT IS SO ORDERED.**

                                                   */s/ Dan A. Polster*_____
                                                   **Dan Aaron Polster**
**Date: January 9, 2025**                          **United States District Judge**